OPINION OF THE COURT
John P. Callan an, Sr., J.
On April 3, 1997 defendant filed a motion to vacate the judgment of conviction pursuant to CPL 440.10 or in the alterna *222 tive for an order setting aside the sentence pursuant to CPL 440.20 and for a restitution hearing pursuant to Penal Law § 60.27.
Defendant was convicted after a jury trial on July 27, 1995 of the crime of burglary in the second degree and grand larceny in the third degree and was sentenced on September 25, 1995. The sentence imposed was incarceration in the State prison system of 71/2 years to 15 years on the burglary in the second degree and 3V2 years to 7 years on the grand larceny in the third degree and also included restitution of $8,920.32. An appeal is pending, which has been held in abeyance pending resolution of this motion.
Defendant alleges several Rosario and Brady violations and that the sentence should be set aside because restitution was ordered without a restitution hearing.
The motion was argued orally on May 23, 1997.
By decision and order dated August 1, 1997 the court determined that in the event defendant’s motion was ultimately denied, a restitution hearing would be held, and directed the holding of an evidentiary hearing. This was held on October 27, 1997. Testimony was then received from Sergeant Christopher Moss of the Chemung County Sheriffs Department; Harold Davis, formerly employed as a Lieutenant in the Schuyler County Sheriffs Department; attorney Ronald Hart, defendant’s trial attorney, for the defense; and District Attorney J. C. Argetsinger for the People.
The following exhibits were received, all from the defendant:
(A) Five-page report written by Sergeant Christopher Moss dated March 24, 1995.
(B) Ten pages of handwritten notes made by Lieutenant Howard Davis dated March 31, 1995.
(C) Telex sent by Deputy Sheriff Pierce dated March 22, 1995.
(D) Grand Jury testimony.
(E) Witness list for trial.
(F) Notes made by District Attorney.
The all-points bulletin (telex) dated March 22, 1995 (exhibit C) was written and sent by Deputy Sheriff Pierce, who did not testify at trial. While the sending was authorized by Lieutenant Davis, who was a command officer, it does not constitute a written statement by Lieutenant Davis, and it does not constitute Rosario material. (CPL 240.45 [1] [a].)
Lieutenant Davis made 10 pages of handwritten notes of his investigation of the crime (exhibit B). Pages 1 through 8 were *223 admittedly not turned over to defense counsel as the District Attorney was not aware of their existence. He now contends that they related to matters that were suppressed prior to trial and not to Lieutenant Davis’ trial testimony, and are therefore not Rosario material. The court finds that they relate to Lieutenant Davis’ trial testimony as well as matters that were suppressed, and that they are Rosario material.
Pages 9 and 10 of Lieutenant Davis’ notes are also Rosario material. The District Attorney testified that to the best of his knowledge these were turned over as Rosario material. Attorney Hart, when asked if he had seen these before or during trial, testified that “I do not believe so.”
The court finds that defendant has failed to prove that pages 9 and 10 were not turned over.
Sergeant Moss prepared a five-page complaint report containing a chronological report of his assistance to the Schuyler County Sheriff’s Department in investigating this crime (exhibit A). It contains entries dated at various times on March 24, 1995 and March 27, 1995.
The report contained Sergeant Moss’ recollection of statements made to him on March 24, 1995 by the witnesses Bren Alleman and Cynthia Schoffner. Sergeant Moss testified that he did not take notes at the time he spoke to Cynthia Schoffner, so the statements attributed to her are not direct quotes. He also testified that his conversation with her and with Bren Alleman are accurately set forth in his report.
The report also contains a record of Sergeant Moss’ meeting and conversations with Parole Officers Lunney and Sobol on March 27, 1997 and refers to a supplemental report filed by them. This supplemental report has never been produced, and the only evidence of its existence is the report by Sergeant Moss. Parole Officer Sobol testified at trial and both parole officers testified at a suppression hearing.
The statements attributed to Mrs. Schoffner and Mr. Alleman do appear to be Rosario material and there is a reasonable possibility that the defendant would have received a more favorable verdict if the statement attributed to Mrs. Schoffner had been turned over prior to trial.
There is no reasonable possibility that the defendant would have received a more favorable decision on his suppression motion if the statements attributed to the parole officers had been turned over. As explained by this court in its decision and order dated July 20, 1995, when the parole officers received in *224 formation that their parolee was in possession of some of the fruit of a recent burglary, they had a duty to investigate.
Although defendant claimed that all of the material discussed above is Brady material, only the statement attributed to Mrs. Schoffner could be considered exculpatory. There is a reasonable possibility that the failure to disclose it contributed to the verdict.
In People v Machado (90 NY2d 187, 192 [1997]), the Court held that “the unambiguous terms of CPL 440.10 (1) (f) require that a defendant making a CPL 440.10 motion — preappeal or postappeal — seeking to vacate a judgment of conviction on Rosario grounds demonstrate prejudice resulting from the violation” and that the test of prejudice is a reasonable possibility that the nondisclosure contributed to the verdict.
Defendant argues that on a motion to set aside the verdict, made before sentence, he had alleged Rosario violations, referring to a missing report of Christopher Moss. The District Attorney responded that there were no reports filed or notes prepared by Investigator Christopher Moss. The response was made in good faith by the District Attorney, in reliance on information from the Sheriff’s Department, but was admittedly not correct. If the District Attorney had been able to respond accurately to the defense motion, the Moss report would have come to light and the court could have determined whether there had been a Rosario violation, under the per se standard, on the motion to set aside the verdict.
If the District Attorney had produced the Moss report on the motion to set aside the verdict, this court would have found a Rosario violation under the per se standard and defendant’s motion would have been granted. Defendant has therefore been prejudiced by the failure to deliver the Moss report in response to that motion and his motion for a new trial must be granted.
Accordingly, it is ordered that the judgment of this court convicting the defendant of the crimes of burglary in the second degree and grand larceny in the third degree and imposing sentence on September 25, 1995, is vacated and set aside; and it is further ordered that defendant shall have a new trial on the indictment herein.